11-791-cv(L), 11-965
Omni Consulting Grp., Inc. v. Pilgrim's Pride Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of July, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        CHESTER J. STRAUB,
        DENNY CHIN,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

OMNI CONSULTING GROUP, INC.,
                Plaintiff-Appellee-
                Cross-Appellant,

                - v. -

                                            11-791-cv(L),11-965

PILGRIM'S PRIDE CORPORATION,
                Defendant-Appellant-
                Cross-Appellee,

MARINA CONSULTING, INC.,
                Defendant.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:      TRAVIS WAYNE VANCE (Thomas Edward
                              Ullrich, on the brief), Wharton
                              Aldhizer & Weaver, PLC,
                              Harrisonburg, Virginia; Earl K.
                              Cantwell, Hurwitz & Fine, P.C.,
                              Buffalo, New York.

FOR PLAINTIFF-APPELLEE:

                              ALAN J. BOZER (William Patrick
                              Keefer, on the brief), Phillips
                              Lytle LLP, Buffalo, New York.

Cross-appeals from the United States District Court for the Western District of New York (Arcara, J.). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED.**

Defendant-Appellant-Cross-Appellee Pilgrim's Pride Corporation ("Pilgrim") appeals from the district court's January 31, 2011, judgment awarding Plaintiff-Appellee-Cross-Appellant Omni Consulting Group, Inc. ("Omni") damages on Omni's breach of contract claim. The district court entered judgment pursuant to its September 12, 2007, order granting Omni's cross-motion for summary judgment on the issue of Pilgrim's liablity for breach of contract and the evidence presented at trial with respect to damages.

Omni cross-appeals from the district court's January 31, 2011, award of damages and its March 2, 2011, award of attorneys' fees, contending that both awards were too low.

-2-

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo. Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005). Where a case is tried to the district court without a jury, we review the district court's findings of fact for clear error and its conclusions of law de novo. MacWade v. Kelly, 460 F.3d 260, 267 (2d Cir. 2006). We review a district court's award of attorneys' fees for abuse of discretion. Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 58 (2d Cir. 2012).

We conclude that the district court did not err in enforcing Paragraph 7 of the Technical Services Agreement ("TSA") as it was not a restrictive covenant preventing an employee from pursuing his livelihood but an anti-raiding provision in a commercial agreement between two sophisticated parties. See Spherenomics Global Contact Ctrs. v. vCustomer Corp., 427 F. Supp. 2d 236, 249-50 (E.D.N.Y. 2006) (upholding provision prohibiting defendant from independently hiring third party that plaintiff introduced to defendant for joint venture); Gibbs & Soell, Inc. v. Armstrong World Indus., Inc., No. 04 Civ. 5103 (HB), 2005 WL 615688, at **4-5 (S.D.N.Y. Mar. 17, 2005)

-3-

(upholding one-year anti-raiding provision after finding it was not a restrictive covenant and reasoning that court should not interfere with agreement between two sophisticated businesses absent persuasive justification). Likewise, in the circumstances of this case, where the master agreement contained a one-year restriction, the district court reasonably limited the restriction in paragraph 7 of the TSA to one year as well.

We have reviewed the district court's calculation of damages and interest and find no error in its application of the law or its findings of fact. See Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994) (holding CPLR § 5001 grants court wide discretion in determining date from which to award pre-judgment interest when damages accrued at various times); Adams v. Linblad Travel, Inc., 730 F.2d 89, 92-93 (2d Cir. 1984) (holding measure of damages is profit plaintiff would have made but for breach); Kookmin Bank v. B.G. Fashion, Inc., No. 99 Civ 8622 (RLE), 2000 WL 1880315, at *4 (S.D.N.Y. Dec. 28, 2000) (holding midway date between first and last dates of maturity of fifty-four unpaid bills of exchange was reasonable intermediate date under section 5001).

Finally, we conclude the district court did not abuse its discretion in awarding attorneys' fees. The district court

-4-

considered the evidence submitted by the parties, applied the appropriate legal principles, and made certain findings and adjustments.  See Farbotko v. Clinton Cnty., 433 F.3d 204, 208-11 (2d Cir. 2005); see also N.Y. Life Ins. Co. v. Hassan, No. 09-CV-1075A, 2010 WL 3070091, at **2-3 (W.D.N.Y. Aug. 4, 2010); Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC, 688 F. Supp. 2d 216, 222-26 (W.D.N.Y. 2010).  Its award of fees and costs was not unreasonable.

We have considered the parties' remaining arguments and conclude that they are without merit.  Accordingly, the judgment and order of the district court are hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK